John J. Dillox,
S. An independent proceeding has been brought by the executrix to determine the validity of the claim of Ada V. Kremer, a sister of the decedent, in the sum of $6,200 for services rendered to the decedent, pursuant to an agreement, as practical nurse and housekeeper at the rate of $5 per day from February 4, 1953, to July 12, 1957. The claimant sets forth in her claim that the total value of said services was $8,200 of which $2,000 has been paid, leaving a balance due of $6,200.
The court was favorably impressed with the testimony of Henry C. Frey, a member of the Bar for almost 53 years, and a disinterested witness. His uncontroverted testimony established that the claimant gave up a position in February of 1953 to be with the decedent; that the decedent told him that her sister Ada had agreed to remain with her permanently and to perform housekeeping and nursing services on behalf of the decedent at $5 per day; that he knew the decedent for 55 years; that the claimant was with the decedent each time the witness saw her, including trips to Florida; that various housekeeping and nursing services were performed; that decedent paid the claimant the sum of $2,000 on account, and that decedent was under the care of a physician requiring the constant assistance and companionship of the claimant. It was stipulated by counsel that if Dr. Fitch, decedent’s attending physician, were to testify, he would have stated that he entrusted to the claimant the giving of medication to the decedent.
While the court is not unmindful of the careful scrutiny to be performed by the court as to claims of the type herein under consideration, and of the- quantum of the proof necessary to sustain such a claim, the court finds upon the evidence adduced that the claimant is entitled to recover the sum of $6,200.
The attorney for the executrix raises the defense that the claimant should not be permitted to recover for services as a practical nurse for the reason that she was not so licensed as required by the Education Law. It is the opinion of this court that the claimant was not hired on the basis of being a practical nurse as defined by the Education Law. She was needed as a constant companion to the decedent and to render *659 whatever services were necessary. Whatever services could be classified as nursing were incidental to all other services she rendered. Also the court further believes the factual situation herein presented comes within one of the exemptions set forth in section 6909 of the Education Law, thus rendering it unnecessary for this claimant to be licensed in order to collect the money she claims to be due.
Settle order.